﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 190404-7792
DATE: December 31, 2019

REMANDED

Entitlement to service connection for a cervical spine disability is remanded.

Entitlement to service connection for a lumbar spine disability is remanded.

Entitlement to service connection for a left knee disability is remanded.

REASONS FOR REMAND

The Veteran had active service from March 1988 to June 1990.

An April 2018 rating decision denied service connection for cervical spine, lumbar spine, and left knee disabilities. In August 2018, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d). The Veteran selected the Higher-Level Review (HLR) lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. During the HLR, it was determined that additional development was required, and the claim was processed under the Supplemental Claim lane. Accordingly, the March 2019 AMA rating decision, currently on appeal, considered the evidence of record as of the date VA received the RAMP election form and the additional development that was requested by the Agency of Original Jurisdiction (AOJ). The Veteran timely appealed the March 2019 rating decision to the Board and requested direct review of the evidence considered by the AOJ.

Evidence was added to the claims file during a period when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. Entitlement to service connection for a cervical spine disability is remanded.

2. Entitlement to service connection for a lumbar spine disability is remanded.

3. Entitlement to service connection for a left knee disability is remanded.

Prior to the March 2019 rating decision on appeal, the evidence indicated there were outstanding VA treatment records that were potentially relevant to the claims. VA treatment records from June 30, 2016, July 29, 2016, August 26, 2016, October 21, 2016, September 28, 2017, March 2, 2018, July 30, 2018, August 23, 2018, September 14, 2018, and October 1, 2018 note that unidentified non-VA care records and non-VA chiropractic records had been scanned into VistA Imaging. It does not appear that the referenced records have been associated with the claims file. A remand to obtain the outstanding records is required. 

The issue of entitlement to service connection for a cervical spine disability is remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. The AOJ did not obtain a VA examination prior to the rating decision on appeal regarding whether Veteran’s cervical spine disability had its onset in service or is otherwise related to service. Based on the evidence associated with the claims file prior to the March 2019 rating decision, the Board finds that a VA examination and opinion is required as the Veteran has current cervical spine diagnoses including, herniation of the nucleus pulposus of the cervical spine, cervical spondylosis, cervicalgia, and degenerative changes of the cervical spine, and a June 19, 1989 service treatment record indicates that the Veteran reported “pain when moving neck.”

The issue of entitlement to service connection for a lumbar spine disability is remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. The AOJ obtained a medical opinion in February 2018 prior to the rating decision on appeal. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s lumbar spine disability had its onset in service or is otherwise related to service. Specifically, the examiner’s essential rationale was that such injuries “typically would be resolve within 4 weeks” and did not address or acknowledge the fact that the Veteran was treated for low back pain on multiple occasions, not just in January 1990. Service treatment records indicate that the Veteran reported low back pain in January 21, 1989, April 9, 1990, January 30, 1990 and May 15, 1990. Additionally, the examiner’s rationale does not address or acknowledge the Veteran assertion that his low back pain never fully resolved and continued during and since service. 

The issue of entitlement to service connection for a left knee disability is remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. The AOJ obtained a medical opinion in February 2018 prior to the rating decision on appeal. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s left knee disability had its onset in service or is otherwise related to service. Specifically, the examiner’s rationale was conclusory as the sole rationale in support of the negative opinion was that such injuries “typically would be resolved within 8 weeks.” 

The matters are REMANDED for the following actions:

1. Ask the Veteran to provide the names and addresses of all medical care providers who have recently treated him for his claimed disabilities. After securing any necessary releases, the AOJ should request any relevant records identified. In addition, obtain updated VA treatment records as well as the VistA Imaging records referenced in the June 30, 2016, July 29, 2016, August 26, 2016, October 21, 2016, September 28, 2017, March 2, 2018, July 30, 2018, August 23, 2018, September 14, 2018, and October 1, 2018 VA records entries. If any requested records are unavailable, the Veteran should be notified of such.

2. After records development is completed, the Veteran should be afforded a VA examination to determine the diagnosis of any cervical spine disability and to obtain an opinion as to whether such is possibly related to service. The claims file should be reviewed by the examiner in conjunction with the examination. All necessary tests should be conducted, and the results reported. Following review of the claims file and examination of the Veteran, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that any current disability of the cervical spine arose during service or is otherwise related to service, including the Veteran’s reported neck pain in June 19, 1989. A rationale for all opinions expressed should be provided.

3. After the above is completed to the extent possible, forward the claims file to a VA clinician to obtain an addendum opinion regarding the Veteran's lumbar spine claim. If an examination is deemed necessary to respond to the questions presented, one should be scheduled. Following review of the claims file, the clinician should opine whether it is at least as likely as not (50 percent probability or greater) that any lumbar spine disability had its onset during service or is otherwise related to service. A complete rationale should be provided for all opinions and conclusions expressed.

4. After the above is completed to the extent possible, forward the claims file to a VA clinician to obtain an addendum opinion regarding the Veteran’s left knee claim. If an examination is deemed necessary to respond to the questions presented, one should be scheduled. Following review of the claims file, the clinician should opine whether it is at least as likely as not (50 percent probability or greater) that any left knee disability had its onset during service or is otherwise related to service. A complete rationale should be provided for all opinions and conclusions expressed.

 

 

David Gratz

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Anderson

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.